# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

VANTONIAS ELLIOTT                                                                                     PETITIONER

v.                                                                                                      No. 3:04CV197-M-A

DONALD A. CABANA, ET AL.                                                                         RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the October 29, 2004, *pro se* petition of Vantonias Elliot for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved June 7, 2005, to dismiss the petition for lack of jurisdiction and because it was untimely filed. The petitioner has not responded to the motion, and the matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for want of subject matter jurisdiction.

## Facts and Procedural Posture

The petitioner pled guilty to robbery without a firearm in the Circuit Court of Marshall County, Mississippi. He was sentenced May 26, 1983, in Cause No. 7860, to serve a term of twelve years with four years suspended in the custody of the Mississippi Department of Corrections (MDOC).

On October 5, 2001, the petitioner filed a "Motion For Post-Conviction Relief To Vacate And Set Aside Conviction/Sentence" in the Marshall County Circuit Court in Cause No. M01-523. *See* **Exhibit B**. This motion was denied by the trial court December 10, 2001, because the statute of limitations for filing a post-conviction motion had expired. The petitioner appealed the lower court's denial of relief, and the Mississippi Court of Appeals affirmed the trial court's decision July 29, 2003. *Elliott v. State,* 858 So. 2d 154 (Miss. App. 2003)(Cause No. 2002-CP-00434-COA), *reh'g. denied*, October 28, 2003. In its ruling the Mississippi Court of Appeals found:

> Nonetheless, we are unable to entertain [the petitioner's] claim because he is no longer serving the sentence of which he complains. The post-conviction relief statutes are an avenue for persons "in custody under sentence of a court of record" to seek relief from the conviction or sentence.
>
> . . .
>
> It does appear that the petitioner is presently a prisoner within the jurisdiction of the Mississippi Department of Corrections. But unless he is being held under the sentence of which he complains, the post-conviction relief statutes provide no remedy.

*See Elliott*, 858 So. 2d at 155.

In the instant federal petition for *habeas corpus* relief, the petitioner challenges the constitutionality of the sentence imposed under his 1983 plea of guilty to the charge of robbery. The petitioner is no longer in the custody of the MDOC pursuant to the 1983 sentence; indeed, he completed serving the 1983 sentence May 2, 1990. The petitioner is currently serving a life sentence as a habitual offender in the custody of the Mississippi Department of Corrections on a conviction for sale of a controlled substance in the Circuit Court of Marshall County on May 23, 1989.

## Discussion

The instant petition shall be dismissed for lack of jurisdiction. A federal court holds jurisdiction over a petition for a writ of *habeas corpus* when the petitioner is "*in custody* in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); 28 U.S.C. § 2254(a). The instant petition attacks the petitioner's 1983 robbery sentence – a sentence which the petitioner finished serving May 2, 1990. The petitioner is no longer in custody under that sentence, and the court thus may not entertain an attack upon that conviction under 28 U.S.C. § 2254.

Likewise, the petitioner has not argued that the 1983 sentence was used improperly to enhance his current sentence, and, indeed, such an argument would be unavailing. "If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255." *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 1583, 149 LED.2d 590 (2001). As the petitioner is no longer in custody for the 1983 robbery conviction (the sentence at issue in the instant petition ), this court has no jurisdiction under 28 U.S.C. § 2254 to hear the case. *Lackawanna County District Attorney v. Coss*, 531 U.S. 923, 121 S.Ct. 1567, 149 LED.2d 608 (2001) (applying the holding in *Daniels, supra*, to a proceeding under 28 U.S.C. § 2254). Thus the instant petition for a writ of *habeas corpus* shall be dismissed for want of subject matter jurisdiction. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of July, 2005.

                                         /s/ Michael P. Mills
                                    **UNITED STATES DISTRICT JUDGE**